# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELO ARMENTI, JR.,

      Plaintiff,

    v.

PENNSYLVANIA STATE SYSTEM OF
HIGHER EDUCATION, et al.,

      Defendants.

Case No. 1:12-cv-02039

(Judge John E. Jones, III)

## BRIEF IN SUPPORT OF MOTION TO DISMISS

For the following reasons, the Pennsylvania State System of Higher Education ("**PASSHE**") moves this Honorable Court to dismiss all claims brought against PASSHE in the eight-count Complaint ("**Armenti's Complaint**") filed by Plaintiff Angelo Armenti, Jr. ("**Armenti**"). All of the Counts in Armenti's Complaint either fail to state claims upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) or state claims over which this Honorable Court lacks subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) because, as an agency of the Commonwealth of Pennsylvania, PASSHE shares Pennsylvania's state-law sovereign immunity and is further immune from suit before this Court under the Eleventh Amendment to the United States Constitution.

**1.  Table of Contents.**

1.  Table of Contents.............................................................................................. 2

2.  Table of Citations............................................................................................ 3

3.  Procedural History. ......................................................................................... 6

4.  Statement of facts. .......................................................................................... 7

5.  Statement of questions presented. ................................................................... 8

6.  Standard of review. ......................................................................................... 9

7.  Argument. ..................................................................................................... 10

    A.  Count One must be dismissed under Fed.R.Civ.P. 12(b)(1) or 12(b)(6) for three reasons: (1) PASSHE is immune from suit under the Eleventh Amendment; (2) PASSHE is not a "person" under 42 U.S.C. § 1983; and (3) Armenti's employment contract says that he could be fired without cause, which means he could not possibly have a protected interest in employment under the Fourteenth Amendment. .................................................. 10

        1.  Eleventh Amendment immunity bars any claims against PASSHE under 42 U.S.C. § 1983. ...........................................................................................................11

        2.  PASSHE is not a "person" under 42 U.S.C. § 1983 and is not amenable to suit. ....... 13

        3.  Armenti fails to state a claim for termination in violation of the Fourteenth Amendment because his employment contract shows he could be fired without cause. ..... 14

    B.  Count Two for conspiracy must be dismissed under Fed.R.Civ.P. 12(b)(1) or 12(b)(6) for five reasons: (1) PASSHE is immune from suit under the Eleventh Amendment; (2) PASSHE is immune from suit under state-law sovereign immunity; (3) PASSHE is not a "person" under 42 U.S.C. § 1983; (4) it is not possible for PASSHE to conspire with its own agents or employees; and (5) Armenti has not pled facts sufficient to state a claim for civil conspiracy. 16

        1.  PASSHE is immune from suit for conspiracy under the Eleventh Amendment and state-law sovereign immunity and is not a "person" to the extent the conspiracy claim is brought under § 1983.......................................................................................... 16

2.    Under the intracorporate-conspiracy doctrine, it is not possible for PASSHE to conspire with its own agents or employees. ...................................................................... 17

3.    Armenti has not pled sufficient facts to state a cause of action for civil conspiracy.. 18

C.    Count Three for First Amendment retaliation must be dismissed for two reasons: (1) PASSHE is immune from suit for retaliation under the Eleventh Amendment; (2) PASSHE is not a "person" to the extent the retaliation claim is brought under § 1983. ............................ 19

D.    Count Four must be dismissed because: (1) Armenti has not pled with the specificity required to state a *prima facie* claim under the Pennsylvania Whistleblower Law; and (2) PASSHE is immune from suit under the Eleventh Amendment. ............................................ 21

1.    Armenti has not pled sufficient facts to state a cause of action under the PWL. ....... 21

2.    PASSHE is immune from suit under the PWL before this Court under the Eleventh Amendment. ...................................................................................................................... 23

E.    Count Five for defamation must be dismissed because this Honorable Court lacks subject-matter jurisdiction to adjudicate the claim for two reasons: (1) PASSHE is immune from suit under the Eleventh Amendment; and (2) PASSHE is immune from suit under state-law sovereign immunity. ...................................................................................................... 24

1.    PASSHE is immune from suit before this Court under the Eleventh Amendment. ... 24

2.    PASSHE is also immune from suit for claims based on state law due to state-law sovereign immunity. .......................................................................................................... 25

F.    Count Six for breach of contract must be dismissed because contractual claims against the Commonwealth of Pennsylvania and its agencies may be brought only before the Pennsylvania Board of Claims. ......................................................................................... 26

8.    Conclusion. ................................................................................................................ 28

## 2.  Table of Citations

### Cases

*Adams v. Teamsters Local 115*, 214 Fed.Appx. 167 (3d Cir. 2007) .............................................. 21

*Aguilar v. Pennsylvania Apple Mktg. Program*, No. 1:05-CV-0804, 2006 WL 167820 (M.D.Pa. Jan. 19, 2006) ............................................................................................................................ 27

*Alvin v. Suzuki*, 227 F.3d 107 (3d Cir.2000) .............................................................................. 17

*Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011) ................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................11

*Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972) ......................................... 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................11

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690 (3d Cir. 1996) ............................. 13, 15, 16, 28

*Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180 (3d Cir. 2009) ................................. 20

*Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62 (3d Cir. 2000)........................ 10

*Chabal v. Reagan*, 841 F.2d 1216 (3d Cir.1988)................................................... 17

*Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223 (3d Cir. 2000) ........................................ 14

*Crabtree v. Muchmore*, 904 F.2d 1475 (10th Cir. 1990) ............................................ 21

*Doherty v. Haverford Twp.*, 513 F.Supp.2d 399 (E.D.Pa. 2007)................................... 19

*Elmore v. Cleary*, 399 F.3d 279 (3d Cir. 2005) ....................................................... 17

*Ezy Parks v. Larson*, 454 A.2d 928 (Pa. 1982) ....................................................... 32

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. 2009) .........................................11

*Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297 (3d Cir. 2003). ........................ 19

*Gilbert v. Homar*, 520 U.S. 924 (U.S. 1997) ........................................................... 17

*Golaschevsky v. Com., Dept. of Envtl. Prot.*, 720 A.2d 757 (Pa. 1998)................................ 24, 26

*Gould Elecs., Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000) .................................. 10

*Gray v. Hafer*, 651 A.2d 221 (Pa.Cmwlth. 1994) ................................................... 24, 26

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010) ....... 21

*Hanover Ins. Co. v. State Workers' Ins. Fund Com.*, 35 A.3d 849 (Pa.Cmwlth.2012)................. 31

*Holt v. Northwest Pa. Training Pshp. Consortium*, 694 A.2d 1134 (Pa.Cmwlth. 1997) ............. 30

*Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250 (3d Cir. 1994) ...................... 12

*Karchnak v. Swatara Twp.*, 540 F.Supp.2d 540 (M.D.Pa. 2008) ................................... 17

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) ........................................... 15

*Lande v. City of Bethlehem*, 457 Fed.Appx. 188 (3d Cir. Pa. 2012) ............................ 20

*Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) ........................................... 15

*Larsen v. State Emples. Ret. Sys. ("SERS")*, 553 F.Supp.2d 403 (M.D.Pa. 2008) ....................... 32

*Lavia v. Pennsylvania*, 224 F.3d 190 (3d Cir. 2000) ...................................... 13

*MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491 (3d Cir. 2001) ..................... 13

*Mitchell v. Luckenbill*, 680 F.Supp.2d 672 (M.D.Pa. 2010) .................................. 30

*Morris v. Philadelphia Hous. Auth.*, No. CIV.A. 10-5431, 2011 WL 1661506 (E.D.Pa. Apr. 28, 2011) ............................................................................... 24

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) ................................... 10

*Nev. Dep't. of Human Res. v. Hibbs*, 538 U.S. 721 (2003) .......................................... 14

*O'Rourke v. Commonwealth*, 778 A.2d 1194 (Pa. 2001) .............................................. 25

*Panayotides v. Rabenold*, 35 F.Supp.2d 411 (E.D.Pa. 1999) ......................................... 21

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3d Cir. 1993) .................. 16

*Quern v. Jordan*, 440 U.S. 332 (1979) ....................................................... 15

*Robison v. Canterbury Village, Inc.*, 848 F.2d 424 (3d Cir. 1988) ................................ 19

*Seeney v. Kavitski*, 866 F.Supp. 206 (E.D.Pa.1994) .......................................... 32

*Shingara v. Skiles*, 274 Fed.Appx. 164 (3d Cir. 2008) ......................................... 20

*Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244 (3d Cir. 1987) ...................... 14, 28, 32

*Toth v. Cal. Univ. of Pa.*, 844 F.Supp.2d 611 (W.D.Pa. 2012) ..................................... 23

*Urella v. Pa. State Troopers Ass'n*, 628 F.Supp.2d 600 (E.D.Pa. 2008) ........................................ 32

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ........................................ 14, 15

*Wilson v. MVM, Inc.*, 475 F.3d 166 (3d Cir. 2007) ........................................ 17

**Statutes**

1 Pa.C.S. § 2310 ........................................ 30

24 P.S. § 20-2002-A ........................................ 7

24 P.S. § 20-2004-A ........................................ 8

24 P.S. § 20-2006-A ........................................ 8

42 Pa.C.S. § 8521 ........................................ 29

42 Pa.C.S. § 8522 ........................................ 30, 31

43 P.S. § 1422 ........................................ 25

43 P.S. § 1423 ........................................ 26

62 Pa.C.S. § 1702 ........................................ 31

62 Pa.C.S. § 1724 ........................................ 32

**Constitutional Provisions**

Pa. Const. Art. I, § 11 ........................................ 30

U.S. Const. amend. XIV, § 1 ........................................ 17

## 3. Procedural History.

Armenti filed his Complaint on October 12, 2012. There is no other significant procedural history.

### 4. Statement of facts.

PASSHE is "a body corporate and politic constituting a public corporation and government instrumentality" that was created by the Pennsylvania General Assembly pursuant to the Pennsylvania Public School Code of 1949. *See* 24 P.S. § 20-2002-A. PASSHE is part of the Commonwealth's system of higher education and oversees the 14 member universities of the Pennsylvania State System of Higher Education. *See id.* PASSHE is overseen by a Chancellor and a 20-member Board of Governors ("Board") comprising the Governor (or his designee), the Secretary of Education (or his designee), two Senators, two Representatives, and 14 other persons appointed by the Governor with the advice and consent of the Senate, including at least three students who attend one of the member universities. *See* 24 P.S. § 20-2004-A. Thus, every member of PASSHE's Board is an elected official or a person appointed by elected officials.

As pled in his Complaint, Armenti is the former president of California University of Pennsylvania ("California University"), which is a member school of PASSHE. In his role of president of California University, Armenti was an employee of PASSHE, which acting through the Board holds the power "to appoint … presidents of the constituent institutions to serve at the board's pleasure under fixed terms or contracts of fixed duration…." 24 P.S. § 20-2006-A(a)(2). Armenti was terminated from his position as president of California University on May 16, 2012.

Armenti's eight-count Complaint brings six counts against PASSHE, namely: (1) violation of Armenti's First and Fourteenth Amendment Civil Rights; (2) civil conspiracy to violate constitutional rights; (3) First Amendment retaliation; (4) violation of Pennsylvania's Whistleblower law; (5) defamation; and (6) breach of contract. (See Armenti's Complaint, ¶¶ 126–152.) All of those counts relate to his termination as president of California University.

**5. Statement of questions presented.**

1. Should Count One for violation of civil rights be dismissed because PASSHE is immune from suit under the Eleventh Amendment, PASSHE is not a "person" under 42 U.S.C. § 1983, and Armenti's employment contract demonstrates that he could not possibly have a protected interest in employment under the Fourteenth Amendment?

   *Suggested answer: Yes.*

2. Should Count Two for conspiracy be dismissed because PASSHE is immune from suit under the Eleventh Amendment and state-law sovereign immunity,  PASSHE is not a "person" under 42 U.S.C. § 1983, PASSHE cannot conspire with its own employees and agents, and Armenti has not pled sufficient facts to state a claim for civil conspiracy?

   *Suggested answer: Yes.*

3. Should Count Three for First Amendment retaliation be dismissed because PASSHE is immune from suit for retaliation under the Eleventh Amendment and PASSHE is not a "person" to the extent the retaliation claim is brought under § 1983?

   *Suggested answer: Yes.*

4. Should Count Four be dismissed because Armenti has not pled with the specificity required to state a *prima facie* claim under the Pennsylvania Whistleblower Law and PASSHE is immune from suit for before this Court under the Eleventh Amendment?

   *Suggested answer: Yes.*

5. Should Count Five for defamation be dismissed because this Court lacks subject-matter jurisdiction to adjudicate the claim due to PASSHE's immunity under the Eleventh Amendment and state-law sovereign immunity?

   *Suggested answer: Yes.*

6. Should Count Six for breach of contract be dismissed because contractual claims against the Commonwealth of Pennsylvania and its agencies may be brought only before the Pennsylvania Board of Claims?

> *Suggested answer: Yes.*

## 6. Standard of review.

PASSHE brings this motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). First, when considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack challenges whether the plaintiff has properly pled jurisdiction. *Id.* "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). A factual attack, in contrast, challenges jurisdiction based on facts apart from the pleadings. *Mortensen*, 549 F.2d at 891. Under that form of attack, "[a] Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) *overruled on other grounds by Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen,* 549 F.2d at 891.

Second, to withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). Only a complaint that states a plausible claim for relief will now survive a

motion to dismiss. *Iqbal*, 556 U.S. at 679. Consequently, a civil complaint must now contain

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

When presented with a motion to dismiss for failure to state a claim, the Third Circuit has

instructed its district courts to conduct a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a District Court must then determine
> whether the facts alleged in the complaint are sufficient to show that the plaintiff
> has a plausible claim for relief. [The] complaint must do more than allege the
> plaintiff's entitlement to relief. [It] has to show such an entitlement with its facts.
> *Fowler*, 578 F.3d at 210–11.

A plausible claim requires more than a possibility of wrongdoing on the part of the defendant.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to

relief." *Iqbal*, 556 U.S. at 679. If the complaint does not make that showing, it should be

dismissed. In considering whether a complaint fails to state a claim upon which relief may be

granted, the court must accept as true all allegations in the complaint and all reasonable

inferences that can be drawn from the complaint are to be construed in the light most favorable

to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir.

1994).

**7.   Argument.**

**A.   Count One must be dismissed under Fed.R.Civ.P. 12(b)(1) or 12(b)(6) for three reasons:
(1) PASSHE is immune from suit under the Eleventh Amendment; (2) PASSHE is not a
"person" under 42 U.S.C. § 1983; and (3) Armenti's employment contract says that he**

**could be fired without cause, which means he could not possibly have a protected interest in employment under the Fourteenth Amendment.**

Count One of Armenti's Complaint brings a cause of action against PASSHE for "[violating] the plaintiff's civil rights under the First and Fourteenth Amendments as made actionable against such defendants pursuant to … 42 U.S.C. § 1983." (Armenti's Complaint, ¶ 127.) This count must be dismissed for three independent reasons under Fed.R.Civ.P. 12(b)(1) or 12(b)(6). First, PASSHE as an agency of the Commonwealth of Pennsylvania is immune from suits based on § 1983 under the Eleventh Amendment and that deprives this Court of subject-matter jurisdiction. Second, PASSHE is not a "person" that can be sued under § 1983. Third, Armenti cannot possibly state a claim for termination in violation of the Fourteenth Amendment because his employment contract—which he attached as Exhibit A to his Complaint—plainly shows that he could be fired with or without cause. An at-will employee who can be terminated without cause cannot have the legitimate entitlement to continued employment necessary to rise to the level of a "property interest" under the Fourteenth Amendment. For each of those independent reasons, Count one of Armenti's Complaint should be dismissed.[1]

**1.  *Eleventh Amendment immunity bars any claims against PASSHE under 42 U.S.C. § 1983.***

Under the Eleventh Amendment, states are generally immune from suit by private parties in the federal courts. *Lavia v. Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000). This immunity

---

[1] Count one of Armenti's Complaint also avers that the Defendants retaliated against him in violation of the First Amendment. (Armenti's Complaint, ¶ 129.) That averment, however, appears to be duplicative of Count Three of Armenti's Complaint, which is specifically for "First Amendment Retaliation." In order to avoid repetition, this brief will address Armenti's retaliation claims below, and to the extent Count One alleges violations of the First Amendment, PASSHE incorporates the arguments in Section 7(C) of this brief below.

includes suits brought by citizens against their own states. *Id.* This immunity also extends to state agencies and departments. *MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). Eleventh Amendment immunity is subject to three exceptions: (1) congressional abrogation; (2) state waiver; and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law. *Id.* In the absence of one of those three exceptions, "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Unless one of the three exceptions applies, a state or state agency cannot be sued in federal court: "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir. 2000) *overruled in part on other grounds by Nev. Dep't. of Human Res. v. Hibbs*, 538 U.S. 721 (2003).

PASSHE is undoubtedly an agency of the Commonwealth for the purposes of the Eleventh Amendment. In *Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244 (3d Cir. 1987), the Third Circuit was faced with precisely the question of whether PASSHE was an instrumentality of the Commonwealth of Pennsylvania entitled to immunity under the Eleventh Amendment. After considering the nature of PASSHE, its implementing statutes, its funding, and the oversight and control the Commonwealth has over PASSHE, the court concluded that PASSHE is an agency of the Commonwealth fully entitled to Eleventh Amendment immunity: "we conclude that the State System is, effectively, a state agency and therefore entitled to the protection of the eleventh amendment in the federal courts." *Id.* at 249. Consequently, there is no doubt that PASSHE is fully entitled to Eleventh Amendment immunity.

Armenti's Complaint recites that he is relying upon 42 U.S.C. § 1983 as the basis of his civil-rights counts, and he specifically recites that he is relying upon § 1983 for the claims in Count One of his Complaint. (See Armenti's Complaint, ¶¶ 12, 127.) But § 1983 does not supersede a state's Eleventh Amendment immunity. In fact, the United States Supreme Court has repeatedly held that Congress did not intend § 1983 to abrogate that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (saying "Congress, in passing § 1983, had no intention to disturb the states' Eleventh Amendment immunity..."); *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979) (saying that section 1983 was not intended to abrogate the states' Eleventh Amendment immunity). Consequently, PASSHE—as a Pennsylvania state agency—is immune from suit under the Eleventh Amendment for any clams brought under § 1983.

PASSHE is immune under the Eleventh Amendment for Armenti's claims in Count One of his Complaint. *Blanciak* 77 F.3d at 694. As the Eleventh Amendment applies, this Honorable Court lacks subject-matter jurisdiction and should dismiss Count One under Fed.R.Civ.P. 12(b)(1).

## 2. PASSHE is not a "person" under 42 U.S.C. § 1983 and is not amenable to suit.

A cause of action under 42 U.S.C. § 1983 requires that a plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Thus, the conduct must have been committed by a "person" in order to be actionable under § 1983. But according to a series of United States Supreme Court cases, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted" *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *see also Will*, 491 U.S. at 70 (saying that

§ 1983 does not apply to suits against states, governmental entities that are considered "arms of

the State" for Eleventh Amendment purposes, and state officials acting in their official

capacities).

As found by the Third Circuit in *Blanciak*, PASSHE is a state agency. *Blanciak* 77 F.3d at

694. Consequently, it is not a "person" within the meaning of § 1983 and cannot be sued under

that statute. This Honorable Court does not have jurisdiction to hear his case under Rule

12(b)(1).

### 3.  *Armenti fails to state a claim for termination in violation of the Fourteenth Amendment because his employment contract shows he could be fired without cause.*

Count One of Armenti's Complaint pleads that he was terminated "without proper process in

violation of the 14th Amendments [sic].") (Armenti's Complaint, ¶ 130.) A review of the

employment contract attached to his Complaint at Exhibit A, however, demonstrates that he

could be terminated by PASSHE without cause.[2] That is fatal to his claim because in order to

have a protected interest in employment under the Fourteenth Amendment, a person must have a

legitimate entitlement to such continued employment, and an employee who can be fired without

cause does not have that level of entitlement.

The Fourteenth Amendment to the United States Constitution prohibits deprivations "of life,

liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The first step in

analyzing a due process claim is to determine whether the "asserted individual interest ... [is]

---

[2] In considering a motion to dismiss, courts may consider not only the complaint, but also exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Thus, this Honorable Court may consider the terms of Armenti's employment contract for the purposes of this motion to dismiss.

encompassed within the [F]ourteenth [A]mendment's protection of life, liberty, or property." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000) (internal citations and quotations omitted). To have a property interest in employment, however, a person must have more than a unilateral expectation of continued employment. *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Instead, the person must have a "legitimate entitlement" to the continued employment. *Id.* An at-will employee does not have a legitimate entitlement to continued employment because he serves solely at the pleasure of his employer. *Chabal v. Reagan*, 841 F.2d 1216, 1223 (3d Cir.1988). For government employees, employment contracts that permit termination only for "just cause" create a property interest in continued employment. *See Wilson v. MVM, Inc.*, 475 F.3d 166, 177 (3d Cir. 2007); *accord Gilbert v. Homar*, 520 U.S. 924, 928 (U.S. 1997) (public employees who can be discharged only for cause have a constitutionally protected property interest in their tenure); *Karchnak v. Swatara Twp.*, 540 F.Supp.2d 540, 549 (M.D.Pa. 2008) (public employees only have constitutionally protected property interests in continued employment when state law says that they may be terminated only for cause). Thus, a government employee who can be terminated *without* "just cause" does not have an interest in continued employment that rises to the level of a property interest protected by the Fourteenth Amendment.

An examination of the Presidential Employment Agreement attached to Armenti's Complaint at Exhibit A unequivocally shows that he could be terminated without cause. Specially, Article V, Section 1 of that Agreement says "The Board, at its discretion, may terminate the President's employment, with or without cause." (Armenti's Complaint, Exhibit A, p. 2.) Armenti could be fired for any reason or no reason at all. Because he could be fired by PASSHE without cause, Armenti had at best a unilateral expectation of continued employment. He did not have an

expectation of continued employment that creates a property interest under the Fourteenth

Amendment. Consequently, his Complaint fails to state a claim upon which relief can be granted

under Rule 12(b)(6).

**B.   Count Two for conspiracy must be dismissed under Fed.R.Civ.P. 12(b)(1) or 12(b)(6) for five reasons: (1) PASSHE is immune from suit under the Eleventh Amendment; (2) PASSHE is immune from suit under state-law sovereign immunity; (3) PASSHE is not a "person" under 42 U.S.C. § 1983; (4) it is not possible for PASSHE to conspire with its own agents or employees; and (5) Armenti has not pled facts sufficient to state a claim for civil conspiracy.**

Count Two of Armenti's Complaint alleges that PASSHE and other defendants conspired to

defame him and deprive him of his constitutional rights and statutory protections. For multiple

reasons, this count must be dismissed under Fed.R.Civ.P. 12(b)(1) or 12(b)(6).

*1.   PASSHE is immune from suit for conspiracy under the Eleventh Amendment and state-law sovereign immunity and is not a "person" to the extent the conspiracy claim is brought under § 1983.*

Armenti's count for conspiracy must be dismissed under Rule 12(b)(1) because this

Honorable Court lacks jurisdiction to hear his claim. As explained in Section 7(A) of this brief

above and Sections 7(E) and (F) of this brief below, PASSHE is a state agency entitled to

immunity under both the Eleventh Amendment and state-law sovereign immunity. Pennsylvania

has not waived either form of immunity for suits alleging conspiracy claims, and there is no

claim in Armenti's Complaint that Congress has abrogated Pennsylvania's immunity for those

claims. This Honorable Court does not have jurisdiction to hear Armenti's conspiracy count.

Moreover, to the extent that Count Two is alleging a conspiracy under 42 U.S.C. § 1983, as

explained in Section 7(A) of this brief above, PASSHE is not a "person" who can be sued under

that statute. Armenti cannot bring a claim under § 1983 against a state agency.

### 2.   *Under the intracorporate-conspiracy doctrine, it is not possible for PASSHE to conspire with its own agents or employees.*

Armenti's count for conspiracy also must be dismissed under Rule 12(b)(6) because all of the other defendants listed in Count Two are PASSHE's agents, and a corporation like PASSHE cannot conspire with its own employees and agents under the intracorporate-conspiracy doctrine.

Under the intracorporate-conspiracy doctrine, an entity cannot conspire with one who acts as its agent. *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003). A corporation can only conspire with its employees if the employees are "acting in a personal, as opposed to official, capacity … [which] exists when the employees have acted for their sole personal benefit." *Id.* A corporation can also conspire with independent third parties. *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 (3d Cir. 1988). Under this doctrine, a government entity and its officials are a single entity incapable of conspiring with itself. *See Doherty v. Haverford Twp.*, 513 F.Supp.2d 399, 409 (E.D.Pa. 2007) (a township cannot conspire with its own officials); *Lande v. City of Bethlehem*, 457 Fed.Appx. 188, 193 (3d Cir. Pa. 2012) (a governmental entity and its agents cannot conspire to violate civil rights because they are considered one entity, and a conspiracy requires two or more persons); *Shingara v. Skiles*, 274 Fed.Appx. 164, 168 (3d Cir. 2008) (saying "this Court has determined that the intracorporate conspiracy doctrine applies to claims of federal civil rights conspiracy.").

Armenti's Complaint explicitly pleads that all of the other defendants named in Count Two are PASSHE employees or members of PASSHE's Board. (*See* Armenti's Complaint, ¶¶ 18–22.) Thus, Armenti explicitly pleads that the other defendants in Count Two are all agents or employees of PASSHE. Likewise, Armenti does not plead that any of the defendants named in Count Two were conspiring in their personal capacities or were acting solely for their sole personal benefit. Coupling those facts together, Armenti's Complaint fails to state a claim upon

which relief can be granted because under the intracorporate-conspiracy doctrine PASSHE

cannot conspire with its own agents and employees.

### 3.   *Armenti has not pled sufficient facts to state a cause of action for civil conspiracy.*

In order for a civil-conspiracy claim to survive a motion to dismiss, a plaintiff is required "to

provide some factual basis to support the existence of the elements of a conspiracy." *Capogrosso*

*v. Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) *cert denied* 131 S. Ct. 220 (2010). While

the Third Circuit is "mindful that direct evidence of a conspiracy is rarely available and that the

existence of a conspiracy must usually be inferred from the circumstances ..., the rule is clear

that allegations of a conspiracy must provide some factual basis to support the existence of the

elements of a conspiracy: agreement and concerted action." *Id.* (quoting *Crabtree v. Muchmore*,

904 F.2d 1475, 1481 (10th Cir. 1990)). "[T]o properly plead an unconstitutional conspiracy, a

plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great Western*

*Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010); *see also Adams*

*v. Teamsters Local 115*, 214 Fed.Appx. 167, 175 (3d Cir. 2007) (conclusory allegations of

concerted action, without allegations of fact that reflect joint action, are insufficient to plead a

civil conspiracy under Rule 8). The mere conclusory assertion of a conspiracy is insufficient to

state a claim upon which relief can be granted. Instead, "[a] plaintiff must make specific factual

allegations of combination, agreement, or understanding...." *Panayotides v. Rabenold*, 35

F.Supp.2d 411, 419 (E.D.Pa. 1999).

An examination of the averments in Armenti's Complaint shows that he has not pled his

claim for civil conspiracy with the requisite specificity. The allegations of conspiracy or

concerted actions in the Complaint are limited to the following:.

- In ¶ 105, Armenti alleges: "The 'turmoil' referenced by Pichini was manufactured by the collective acts of PASSHE's defendants, Cavanaugh, Pichini, Conley, Henry, and Tomalis."
- In ¶ 132, Armenti alleges: "Defendants engaged in a civil conspiracy to defame plaintiff and substantially impair or circumvent his constitutional rights and statutory protections."
- In ¶ 133, Armenti alleges: "There existed a conspiracy involving state action particularly the suspension of Armenti's review and termination without due process and Defendants deprived Armenti's civil rights in furtherance of the conspiracy; Plaintiff suffered resulting harm." (Armenti's Complaint, ¶¶ 105, 132-33.)

The only paragraph of the Complaint which is not a conclusory allegation of a conspiracy is ¶ 105, which merely claims—without any factual support—that some sort of "turmoil" was "manufactured" by PASSHE and the other defendants. That is hardly a specific factual allegation of combination, agreement, or understanding.

In addition to its legal defects, Count Two of Armenti's complaint is also factually deficient. The unsupported and conclusory allegations of conspiracy in Armenti's Complaint are insufficient to state a claim upon which relief can be granted. Consequently, Count Two must be dismissed under Rule 12(b)(6).

## C. Count Three for First Amendment retaliation must be dismissed for two reasons: (1) PASSHE is immune from suit for retaliation under the Eleventh Amendment; (2) PASSHE is not a "person" to the extent the retaliation claim is brought under § 1983.

Armenti's count for retaliation must be dismissed under Rule 12(b)(1) because this Honorable Court lacks jurisdiction to hear his claim. As explained in Section 7(A) of this brief above, PASSHE is a state agency entitled to immunity under the Eleventh Amendment. Pennsylvania has not waived that form of immunity for suits alleging first-amendment retaliation, and there is no claim in Armenti's Complaint that Congress has abrogated

Pennsylvania's immunity for that claim. This Honorable Court does not have jurisdiction to hear Armenti's retaliation count.

Moreover, to the extent that Count Two is alleging a retaliation under 42 U.S.C. § 1983, as explained in Section 7(A) of this brief above, PASSHE is not a "person" who can be sued under that statute. Armenti cannot bring a claim under § 1983 against a state agency.

For example, in *Toth v. Cal. Univ. of Pa.*, 844 F.Supp.2d 611 (W.D.Pa. 2012) Linda Toth, an assistant professor at California University, sued that University, its president Angelo Armenti, and its provost Sean Madden for, among other violations, violations of the First and Fourteenth Amendments to the United States Constitution, including a claim for First Amendment retaliation. Toth alleged that she had been subjected to discrimination and sexual harassment and that the defendants had retaliated against her for complaining about acts of discrimination perpetrated against other women. *See id.* at 622–24. In particular, Toth alleged that California University itself had denied her promotion in retaliation for her speech and petitioning activities in violation of the First Amendment. *See id.* at 647.

The Western District of Pennsylvania held that the retaliation claims against California University were barred for two reasons. First, the court held that the university was part of the Pennsylvania State System of Higher Education, which as a state agency is immune from suit in federal court under the Eleventh Amendment. *See id.* Second, the court held that Toth's claim for First Amendment retaliation was brought under 42 U.S.C. § 1983, and states and their agencies are not persons subject to suit under that statute. *See id.*

PASSHE is a state agency entitled to Eleventh Amendment immunity and is not a "person" under § 1983. Count Three must be dismissed under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

**D. Count Four must be dismissed because: (1) Armenti has not pled with the specificity required to state a *prima facie* claim under the Pennsylvania Whistleblower Law; and (2) PASSHE is immune from suit under the Eleventh Amendment.**

Count Four of Armenti's Complaint alleges that PASSHE and other defendants terminated his employment in violation of the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421–1428 (the "**PWL**"). This claim must be dismissed under Rule 12(b)(6) because Armenti has not pled with the specificity required by the PWL and under Rule 12(b)(1) because PASSHE is immune from suit under the Eleventh Amendment.

*1. Armenti has not pled sufficient facts to state a cause of action under the PWL.*

To make out a *prima facie* case under the PWL, a plaintiff must allege facts or surrounding circumstances that his report led to the prohibited retaliation, such as he was specifically directed or informed not to report or that there would be adverse consequences if he made the report. *Morris v. Philadelphia Hous. Auth.*, No. CIV.A. 10-5431, 2011 WL 1661506 (E.D.Pa. Apr. 28, 2011). As said by the Pennsylvania Supreme Court, "to make out a prima facie case of retaliatory termination pursuant to the Whistleblower Law, a plaintiff must show by concrete facts or surrounding circumstances that the report of wrongdoing or waste led to the plaintiff's dismissal, such as that there was specific direction or information received not to file the report or that there would be adverse consequences because the report was filed." *Golaschevsky v. Com., Dept. of Envtl. Prot.*, 720 A.2d 757, 759 (Pa. 1998) (quoting in part *Gray v. Hafer*, 651 A.2d 221, 225 (Pa.Cmwlth. 1994) *aff'd*, 669 A.2d 335 (Pa. 1995)). A Whistleblower Law claimant must come forward with some evidence of a connection between the report of wrongdoing and the alleged retaliatory acts. *O'Rourke v. Commonwealth*, 778 A.2d 1194, 1200 (Pa. 2001). A Plaintiff cannot rely on vague and inconclusive circumstantial evidence. *Golaschevsky*, 720 A.2d at 759.

Armenti's Complaint fails to state a *prima facie* claim for two reasons. First, the Complaint does not plead that there was any specific direction or information received not to file his supposed whistleblower report.[3] Neither does Armenti plead that anyone told him there would be adverse consequences because the report was filed. In fact, in the section of his Complaint describing his alleged whistleblower report, Armenti pleads that PASSHE accepted his report, appointed a special investigator to review his report, and that he "was encouraged to provide information to the investigation." (Armenti's Complaint, ¶ 68.) At no point does Armenti plead that anyone warned him not to file his alleged whistleblower report or that he was told he would be subject to adverse consequences due to the report. In other words, nothing in Armenti's Complaint pleads facts or surrounding circumstances to show that his termination was connected to his report.

Second, Armenti's Complaint fails to plead that his supposed whistleblower report was due to wrongdoing. Under the PWL, a plaintiff must not only plead that his termination was connected to a report, he must also specify the form of "wrongdoing" his employer supposedly committed: "An employee who has been terminated based on a filed report and wants to base his or her complaint on their employer's violation under the Whistleblower Law must specify how their employer is guilty of waste and/or wrongdoing." *Gray*, 651 A.2d at 225. An identification of specific wrongdoing is required because the PWL only protects employees who report or are about to report "an instance of wrongdoing or waste." 43 P.S. § 1423. The Pennsylvania Supreme Court has clarified the meaning of "wrongdoing" under the PWL as follows:

---

[3] PASSHE does not in any way concede that Armenti in fact made a "Good Faith Report" of wrongdoing as is required under the PWL. *See* 43 P.S. § 1422.

> Within the definition of "wrongdoing", there is a requirement that the violation of
> the law or regulation be one that is designed to protect the interest of the public or
> employer. While the definition uses the phrase "to protect the interest of the
> public," and that could be interpreted to apply to any statute or ordinance as used
> in the context of retaliation taken by an employer because of an employee's work
> performance, that requirement means that a statute or regulation is of the type that
> the employer is charged to enforce for the good of the public or is one dealing
> with the internal administration of the governmental employer in question.

*Golaschevsky*, 720 A.2d at 759 (quoting *Gray*, 651 A.2d at 224). A public employee who does

not report wrongdoing is not protected by the PWL.

In contrast to this requirement for specificity, Armenti's Complaint does not cite the law,

regulation, or rule that was the basis of his whistleblower report. His Complaint only alleges that

"he had information that the Chancellor issued illegal or improperly motivated directives."

(Armenti's Complaint, ¶ 65.) Armenti never identifies how or why the subject matter of his

report constituted "wrongdoing."

Count Four fails to state a claim upon which relief can be granted because it is entirely

lacking in the specificity required to state a claim under the PWL. Consequently, it should be

dismissed.

### 2. *PASSHE is immune from suit under the PWL before this Court under the Eleventh Amendment.*

Armenti's count for violations of the PWL must also be dismissed under Rule 12(b)(1)

because this Honorable Court lacks jurisdiction to hear his claim. As explained in Section 7(A)

of this brief above, PASSHE is a state agency entitled to immunity from suit in federal court

under the Eleventh Amendment. That immunity extends to claims brought under the PWL. *See*

*Aguilar v. Pennsylvania Apple Mktg. Program*, No. 1:05-CV-0804, 2006 WL 167820 (M.D.Pa.

Jan. 19, 2006) (saying that while state officials may be sued in their official capacities under the

PWL, nothing in the statute abrogates the Eleventh Amendment immunity from suit in federal court). Thus, PASSHE is immune from suit before this Honorable Court for suits under the PWL.

**E. Count Five for defamation must be dismissed because this Honorable Court lacks subject-matter jurisdiction to adjudicate the claim for two reasons: (1) PASSHE is immune from suit under the Eleventh Amendment; and (2) PASSHE is immune from suit under state-law sovereign immunity.**

Count Five of Armenti's Complaint brings a cause of action for defamation against PASSHE based on an audit report that Armenti alleges contained false and defamatory material. (Armenti's Complant, ¶¶ 142–148.) This Honorable Court lacks jurisdiction to hear that claim under Fed.R.Civ.P. 12(b)(1) because the Commonwealth of Pennsylvania and its agencies and employees are immune from suit under both Eleventh Amendment immunity and state-law sovereign immunity, and Pennsylvania has not waived either form of immunity for the tort of defamation.

*1. PASSHE is immune from suit before this Court under the Eleventh Amendment.*

As described above, states are generally immune from suit by private parties in the federal courts under the Eleventh Amendment. Eleventh Amendment immunity is subject to three exceptions: (1) congressional abrogation; (2) state waiver; and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law. *Id.* In the absence of one of those three exceptions, "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

None of the three exceptions to Eleventh Amendment immunity apply to this suit. First, Pennsylvania has explicitly refused to waive its immunity under the Eleventh Amendment. In particular, the statutory scheme established by Pennsylvania to govern actions against

Commonwealth parties says: "nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S. § 8521(b). Pennsylvania has not waived immunity for suits against PASSHE. *Skehan*, 815 F.2d at 247. Second, Armenti's Complaint does not claim that any congressional abrogation applies or identify any federal law that would abrogate PASSHE's Eleventh Amendment immunity for tort claims like defamation. Third, PASSHE is not an individual state officer, but rather is a state agency.

Under *Skehan*, PASSHE is an agency of the Commonwealth of Pennsylvania and is fully entitled to Eleventh Amendment immunity. None of the exceptions to Eleventh Amendment immunity apply. Consequently, this Honorable Court lacks jurisdiction to hear Count 5 of Armenti's Complaint, which must be dismissed under Fed.R.Civ.P. 12(b)(1).

2. ***PASSHE is also immune from suit for claims based on state law due to state-law sovereign immunity.***

Separate and apart from its immunity under the Eleventh Amendment, PASSHE is also entitled to state-law sovereign immunity. Under Article I, Section 11 of the Pennsylvania Constitution, the Commonwealth is only amenable to being sued for claims based in state law "in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. I, § 11. Pennsylvania's doctrine of sovereign immunity bars damage claims for state-law torts against "the Commonwealth, and its officials and employees acting within the scope of their duties." 1 Pa.C.S. § 2310. The statute further provides that these actors shall "remain immune from suit except as the General Assembly shall specifically waive the immunity." *Id.*

The Pennsylvania General Assembly has waived sovereign immunity in nine limited circumstances involving negligence: (1) vehicle liability; (2) medical-professional liability; (3)

the care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody, or control of animals; (7) liquor-store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa.C.S. § 8522(b). Pennsylvania has not waived sovereign immunity for any other torts.

For suits against the Commonwealth and its agencies and employees, sovereign immunity even extends to suits for *intentional* torts like defamation: "an employee of the Commonwealth acting within the scope of his or her employment or duties, is protected by sovereign immunity from the imposition of liability for intentional tort claims." *Mitchell v. Luckenbill*, 680 F.Supp.2d 672, 682 (M.D.Pa. 2010) (quoting *Holt v. Northwest Pa. Training Pshp. Consortium*, 694 A.2d 1134, 1140 (Pa.Cmwlth. 1997)). Thus, Commonwealth agencies like PASSHE are immune from being sued for defamation and intentional torts.

Armenti's defamation claim does not fall within any of the classes set forth in 42 Pa.C.S. § 8522(b). The Commonwealth and its agencies have not waived sovereign immunity for intentional torts like defamation, and as recognized in *Skehan* PASSHE is undoubtedly a Commonwealth agency. Consequently, PASSHE is immune from suit both under the Eleventh Amendment and under state-law sovereign immunity. For both reasons, this Honorable Court lacks subject-matter jurisdiction to hear Count 5 of Arment's Complaint, which must be dismissed under Fed.R.Civ.P. 12(b)(1).

**F.  Count Six for breach of contract must be dismissed because contractual claims against the Commonwealth of Pennsylvania and its agencies may be brought only before the Pennsylvania Board of Claims.**

Count Six of Armenti's Complaint brings a cause of action for breach of contract against PASSHE based on Armenti's employment agreement. (Armenti's Complaint, ¶¶ 150–152.) As with Count 5, this Honorable Court lacks jurisdiction to hear that claim under Fed.R.Civ.P.

12(b)(1) because contractual claims against the Commonwealth of Pennsylvania and its agencies may be brought only before the Pennsylvania Board of Claims.

As described in the preceding section of this brief, the Commonwealth has waived state-law sovereign immunity only in certain specific, limited circumstances. In addition to the claims described in that section, Pennsylvania—pursuant to 62 Pa.C.S. § 1702—has waived its sovereign immunity with regard to contract claims against the Commonwealth and its agencies. See 62 Pa.C.S. § 1702(b). That limited waiver of sovereign immunity, however, is strictly limited to claims brought in accordance with 62 Pa.C.S. §§ 1711.1 (relating to protests of solicitations or awards), 1712.1 (relating to contract controversies) and 1721–1726 (relating to the Pennsylvania Board of Claims). *See id.* Specifically, the Pennsylvania General Assembly has mandated that persons seeking to recover from an alleged breach of contract by a state agency must bring their claims before the Pennsylvania Board of Claims, rather than in state or federal court: "the [Board of Claims] shall have exclusive jurisdiction to arbitrate claims arising from … a contract entered into by a Commonwealth agency…." 62 Pa.C.S. § 1724(a)(1).

Pennsylvania's courts have broadly construed these statutes and have consistently held that the Board of Claims—and only the Board of Claims—has the power to entertain breach-of-contract actions against the Commonwealth or its agencies, regardless of the requested relief. *See, e.g., Hanover Ins. Co. v. State Workers' Ins. Fund Com.*, 35 A.3d 849, 852–855 (Pa.Cmwlth.2012) (noting that courts have broadly construed the statute conferring jurisdiction of the Board of Claims, especially its jurisdictional provisions); *Ezy Parks v. Larson*, 454 A.2d 928, 935 (Pa. 1982) (holding that the Pennsylvania legislature intended the Board of Claims to have exclusive jurisdiction over contract matters involving the Commonwealth).

Federal courts have likewise broadly construed the jurisdiction of the Board of Claims and have repeatedly held that they are likewise precluded from exercising subject matter jurisdiction over a breach of contract claim against a Pennsylvania agency in those circumstances where Pennsylvania law mandates that they be brought only before the Board of Claims. *See, e.g, Seeney v. Kavitski*, 866 F.Supp. 206, 210 (E.D.Pa.1994) (holding claim for breach of employment contract fell within the Board of Claims' exclusive jurisdiction); *Urella v. Pa. State Troopers Ass'n*, 628 F.Supp.2d 600, 607 (E.D.Pa. 2008) (holding that the court had no ability to hear breach-of-contract claim against state police because jurisdiction over contract claims against Pennsylvania state agencies is "vested exclusively in the Pennsylvania Board of Claims"); *Larsen v. State Emples. Ret. Sys. ("SERS")*, 553 F.Supp.2d 403, 421 (M.D.Pa. 2008) (holding that a breach-of-contract claim against the Pennsylvania State Employees' Retirement System must be dismissed for lack of jurisdiction because "exclusive jurisdiction over such claims is vested in the Pennsylvania Board of Claims").

PASSHE is an agency of the Commonwealth. *Skehan*, 815 F.2d at 249. Contract claims against the Commonwealth and its agencies may only be brought before the Pennsylvania Board of Claims. Consequently, this Honorable Court lacks subject-matter jurisdiction to entertain Armenti's breach-of-contract claim. That claim must be dismissed under Fed.R.Civ.P. 12(b)(1).

## 8.  Conclusion.

All of the counts brought against PASSHE in Armenti's Complaint fail, either because they do not state claims upon which relief can be granted or PASSHE is immune from suit, which deprives this Honorable Court of subject-matter jurisdiction. PASSHE asks this Court to dismiss all claims against it, with prejudice.

Respectfully submitted,


___/s/ Samuel H. Simon_____          December 27, 2012

Samuel H. Simon
PA 85503
Matthew J. Lautman
PA 90390
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
(412) 281-5060
ssimon@hh-law.com
lautmanmj@hh-law.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief In Support of Motion To Dismiss was filed this 27th day of December, 2012 with the Clerk of Court using the CM/ECF system, which will provide notification of such filing to all registered users, including the below-listed Counsel of Record.

Steven M. Troprani, Esquire
Richard J. Cromer, Esquire
Leech Tishman Fiscaldo & Lampl
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219

Cathleen Kelly Rebar, Esquire
Patrick T. Duffy, Esquire
Stewart Bernstiel Rebar
470 Norristown Road, Suite 201
Blue Bell, PA  19422

Michael Scott Ferguson, Esquire
Pennsylvania State of Higher Education
2986 North Second Street
Harrisburg, PA  17110

_/s/ Samuel H. Simon_
Samuel H. Simon