# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO ARMENTI, JR., | Case No. 1:12-cv-02039 |
| Plaintiff, | (Judge John E. Jones, III) |
| v. | JURY TRIAL DEMANDED |
| RON TOMALIS, JOHN CAVANAUGH, GUIDO PICHINI, MARIE CONLEY, RONALD HENRY, MICHAEL SLAVIN, and ASSOCIATION OF PENNSYLVANIA STATE COLLEGE AND UNIVERSITY FACULTIES (APSCUF) California University Local Chapter, | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RON TOMALIS, JOHN CAVANAUGH, GUIDO PICHINI, MARIE CONLEY, AND RONALD HENRY TO THIRD AMENDED COMPLAINT

Now comes Defendants Ron Tomalis, John Cavanaugh, Guido Pichini, Marie Conley, and Ronald Henry (hereinafter referred to collectively as **"State System Defendants"**) by their counsel Houston Harbaugh, P.C., and for their answer to the Third Amended Complaint (**"Third Amended Complaint"**) of Plaintiff Angelo Armenti, Jr.  (**"Armenti"**) respond as follows:

## I.  INTRODUCTION

1.      In response to Paragraph 1 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

2.      In response to Paragraph 2 of the Third Amended Complaint, State System Defendants admit in part and deny in part.  State System Defendants specifically deny said averments regarding the terms "veteran administrator" and "tenured."  The term "veteran administrator " is a vague term capable of many meanings and is thus, denied.  The term "tenured" is a legal conclusion of the Pleader and thus, no answer is necessary however, should an answer be required said averment is denied.  State System Defendants admit that the Pennsylvania State System of Higher Education ("PASSHE") has fourteen schools. All other averments herein are denied.

3.      In response to Paragraph 3 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

4.      In response to Paragraph 4 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

5.      In response to Paragraph 5 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or

information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

6.      In response to Paragraph 6 of the Third Amended Complaint, State System Defendants deny said averments.

7.      In response to Paragraph 7 of the Third Amended Complaint, State System Defendants deny said averments.

8.      In response to Paragraph 8 of the Third Amended Complaint, State System Defendants deny said averments.

9.      In response to Paragraph 9 of the Third Amended Complaint, State System Defendants deny said averments.

10.     In response to Paragraph 10 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

11.     In response to Paragraph 11 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

## II. JURISDICTION

12.     In response to Paragraph 12 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

13.     In response to Paragraph 13 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

### III. VENUE

14.     In response to Paragraph 14 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

### IV. PARTIES AND RELATED PARTIES

15.     In response to Paragraph 15 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. State System Defendants state that said averments regarding residency of the Plaintiff are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied. It is admitted that Plaintiff was the President of California University of Pennsylvania from approximately 1992 to 2012.  The term "tenured" is a legal conclusion of the Pleader and thus, no answer is necessary however, should an answer be required said averment is denied.  All remaining averments of Paragraph 15 are denied.

16.     In response to Paragraph 16 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that PASSHE is the Commonwealth agency responsible to govern the Commonwealth's fourteen public universities and is located at Dixon University Center, Harrisburg, Dauphin County, Pennsylvania. State System Defendants state that the remaining averments of Paragraph 16 are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

17.     In response to Paragraph 17 of the Third Amended Complaint, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

18.     In response to Paragraph 18 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments.  State System Defendants admit that Defendant Tomalis participated in meetings on May 9 and May 25, 2012, and deny all other averments in Paragraph 18 not specifically admitted herein.

19.     In response to Paragraph 19 of the Third Amended Complaint, State System Defendants deny said averments.

20.     In response to Paragraph 20 of the Third Amended Complaint, State System Defendants admit said averments.

21.     In response to Paragraph 21 of the Third Amended Complaint, State System Defendants deny said averments.

22.     In response to Paragraph 22 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that Ronald Henry is a member of the PASSHE Board. The remaining averments in Paragraph 22 are denied.

23.     The averments in Paragraph 23 of the Third Amended Complaint are not directed to State System Defendants, therefore no response is needed. However, if a response is required said averments are denied.

24.     The averments in Paragraph 24 of the Third Amended Complaint, are not directed to State System Defendants, therefore no response is needed. However, if a response is required said averments are denied.

## V. FACTS

### *Armenti's Presidential Record*

25.     In response to Paragraph 25 of the Third Amended Complaint, State System Defendants deny said averments.

26.     In response to Paragraph 26 of the Third Amended Complaint, State System Defendants deny said averments as stated.  By way of further answer, State Defendants state that PASSHE university presidents are typically reappointed, collectively and as a group, by vote of the Board.

27.     In response to Paragraph 27 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that Armenti served a four-year term as Chairman of the PASSHE Commission of Presidents. The remaining averments in Paragraph 27 are denied.

28.     In response to Paragraph 28 of the Third Amended Complaint, State System Defendants deny said averments.

29.     In response to Paragraph 29 of the Third Amended Complaint, State System Defendants deny said averments.

30.     In response to Paragraph 30 of the Third Amended Complaint, State System Defendants deny said averments.

31.     In response to Paragraph 31 of the Third Amended Complaint, State System Defendants deny said averments.

### Armenti's Employment and Governing Contract

32.     In response to Paragraph 32 of the Third Amended Complaint, State System Defendants deny said averments and specifically refer to the decision of the Commonwealth of Pennsylvania Before the Board of Claims at Docket No. 4091 at case name *Angelo Armenti, Jr. vs. Commonwealth of Pennsylvania, State System of Higher Education and The Board of Governors of the Pennsylvania State System of Higher Education.* Furthermore, to the extent this

averment refers to a document, said document speaks for itself and thus, no response is needed. However, if a response is required said averments are denied.

33.     In response to Paragraph 33 of the Third Amended Complaint, State System Defendants deny said averments. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed. However, if a response is required said averments are denied. Moreover, said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

34.     In response to Paragraph 34 of the Third Amended Complaint, State System Defendants deny said averments.

35.     In response to Paragraph 35 of the Third Amended Complaint, State System Defendants deny said averments as stated. By way of further answer, State Defendants state that PASSHE university presidents are typically reappointed, collectively and as a group, by vote of the Board.

36.     In response to Paragraph 36 of the Third Amended Complaint, State System Defendants state the terms "tenure, discipline and adverse action" are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averment is denied. Furthermore, it is denied that Plaintiff was employed by PASSHE for a period of twenty years. All remaining averments of Paragraph 36 are denied.

37.     In response to Paragraph 37 of the Third Amended Complaint, State System Defendants deny said averments.

38.     In response to Paragraph 38 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or

{CLIENT WORK/36439/0003 H0984153:1}

information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

39.     In response to Paragraph 39 of the Third Amended Complaint, State System Defendants deny said averments.

### *Armenti's Public Commentary*

40.     In response to Paragraph 40 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

41.     In response to Paragraph 41 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

42.     In response to Paragraph 42 of the Third Amended Complaint, State System Defendants deny said averments.

43.     In response to Paragraph 43 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

44.     In response to Paragraph 44 of the Third Amended Complaint, State System Defendants deny said averments.

45.     In response to Paragraph 45 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or

information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

46.    In response to Paragraph 46 of the Third Amended Complaint, State System Defendants deny said averments.

47.    In response to Paragraph 47 of the Third Amended Complaint, State System Defendants deny said averments.

48.    In response to Paragraph 48 of the Third Amended Complaint, State System Defendants deny said averments.

49.    In response to Paragraph 49 of the Third Amended Complaint, State System Defendants deny said averments.

### *PASSHE's Retaliation*

50.    In response to Paragraph 50 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, the activity in February, 2012 was an Internal Investigation, not an audit.

51.    In response to Paragraph 51 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, the activity in February, 2012 was an Internal Investigation, not an audit.

### *The Chancellor's Illegal Directive Restricting Armenti's Authority*

52.    In response to Paragraph 52 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, the activity in early, 2012 was an Internal Investigation, not an audit.

53.     In response to Paragraph 53 of the Third Amended Complaint, State System Defendants deny said averments as stated. By way of further response in 2011, Armenti and PASSHE did discuss California University of Pennsylvania future budget.

54.     In response to Paragraph 54 of the Third Amended Complaint, State System Defendants admit and deny in part said averments. It is admitted that on October 6, 2011, the Board approved Board Policy 2011-02: Nonrepresented Employee Severance Program. To the extent this averment refers to a document, said document speaks for itself and, thus, no response is needed. However, if a response is required, said averment is denied. The remaining averments of Paragraph 54 are denied.

55.     In response to Paragraph 55 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

56.     In response to Paragraph 56 of the Third Amended Complaint, State System Defendants deny said averments.

57.     In response to Paragraph 57 of the Third Amended Complaint, State System Defendants deny said averments.

58.     In response to Paragraph 58 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

59.     In response to Paragraph 59 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or

information to form a belief as to the truth or falsity of said averment and thus, said averments

are denied and strict proof thereof is demanded at the time of trial.

60.    In response to Paragraph 60 of the Third Amended Complaint, State System

Defendants deny said averments.

61.    In response to Paragraph 61 of the Third Amended Complaint, State System

Defendants deny said averments as stated.  Furthermore, to the extent this averment refers to a

written document, said document speaks for itself and thus, no response is needed.  However, if a

response is required said averments are denied.

62.    In response to Paragraph 62 of the Third Amended Complaint, State System

Defendants deny said averments.

### Armenti's Whistleblower Complaint

63.    In response to Paragraph 63 of the Third Amended Complaint, State System

Defendants deny said averments.

64.    In response to Paragraph 64 of the Third Amended Complaint, State System

Defendants deny said averments as stated.

65.    In response to Paragraph 65 of the Third Amended Complaint, State System

Defendants deny said averments.

66.    In response to Paragraph 66 of the Third Amended Complaint, State System

Defendants admit in part and deny in part said averments. It is admitted that Armenti contacted

Board Chairman Pichini on March 21, 2012 to request a meeting. The remaining averments of

Paragraph 66 are denied.

67.    In response to Paragraph 67 of the Third Amended Complaint, State System

Defendants admit in part and deny in part said averments. It is admitted that Armenti and

Robert Irey attended a meeting on March 23, 2012 with PASSHE officials, including Chairman Pichini, Board member Conley and PASSHE chief counsel Leo Pandeladis. The remaining averments of Paragraph 67 are denied.

68.     In response to Paragraph 68 of the Third Amended Complaint, State System Defendants deny said averments.

69.     In response to Paragraph 69 of the Third Amended Complaint, State System Defendants deny said averments.

70.     In response to Paragraph 70 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

## *PASSHE's Retaliation for Armenti's Whistleblower Complaint*

71.     In response to Paragraph 71 of the Third Amended Complaint, State System Defendants deny said averments.

72.     In response to Paragraph 72 of the Third Amended Complaint, State System Defendants deny said averments.

73.     In response to Paragraph 73 of the Third Amended Complaint, State System Defendants deny said averments.

74.     In response to Paragraph 74 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

75.     In response to Paragraph 75 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

76.     In response to Paragraph 76 of the Third Amended Complaint, State System Defendants deny said averments.

### *PASSHE's Audit Report as Pretext*

77.     In response to Paragraph 77 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed. However, if a response is required said averments are denied.

78.     In response to Paragraph 78 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that Cavanaugh, Armenti and Robert Irey attended a meeting on March 8, 2012. The remaining averments of Paragraph 78 are denied.

79.     In response to Paragraph 79 of the Third Amended Complaint, State System Defendants deny said averments.

80.     In response to Paragraph 80 of the Third Amended Complaint, State System Defendants deny said averments.

81.     In response to Paragraph 81 of the Third Amended Complaint, State System Defendants deny said averments.

82.     In response to Paragraph 82 of the Third Amended Complaint, State System Defendants deny said averments. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied.

83.     In response to Paragraph 83 of the Third Amended Complaint, State System Defendants deny said averments. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

84.     In response to Paragraph 84 of the Third Amended Complaint, State System Defendants deny said averments.

85.     In response to Paragraph 85 of the Third Amended Complaint, State System Defendants deny said averments.

86.     In response to Paragraph 86 of the Third Amended Complaint, State System Defendants deny said averments.

### *Rumblings of Armenti's Pending Termination*

87.     In response to Paragraph 87 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

88.     In response to Paragraph 88 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or

information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

89.     In response to Paragraph 89 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

90.     In response to Paragraph 90 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

91.     In response to Paragraph 91 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied.

92.     In response to Paragraph 92 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied.

93.     In response to Paragraph 93 of the Third Amended Complaint, State System Defendants deny said averments.

94.     In response to Paragraph 94 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied.

95.     In response to Paragraph 95 of the Third Amended Complaint, State System Defendants deny said averments.

96.     In response to Paragraph 96 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments.  It is admitted that a meeting of the Executive Committee of the Board was convened on May 9, 2012. The remaining averments in Paragraph 96 are denied.

97.     In response to Paragraph 97 of the Third Amended Complaint, State System Defendants deny said averments.

### *Armenti's Wrongful Termination*

98.     In response to Paragraph 98 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments.  It is admitted that a meeting of the Executive Committee of the Board was convened on May 9, 2012. The remaining averments in Paragraph 98 are denied.

99.     In response to Paragraph 99 of the Third Amended Complaint, State System Defendants deny said averments.

100.    In response to Paragraph 100 of the Third Amended Complaint, State System Defendants deny said averments.

101.    In response to Paragraph 101 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that Pichini and Armenti met at the Dixon Center in Harrisburg on May 16, 2012. The remaining averments in Paragraph 101 are denied.

102.    In response to Paragraph 102 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

103.    In response to Paragraph 103 of the Third Amended Complaint, State System Defendants deny said averments as stated.

104.    In response to Paragraph 104 of the Third Amended Complaint, State System Defendants deny said averments. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied.

105.    In response to Paragraph 105 of the Third Amended Complaint, State System Defendants deny said averments.

106.    In response to Paragraph 106 of the Third Amended Complaint, State System Defendants deny said averments.

107.    In response to Paragraph 107 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that the Board convened a meeting on May 25, 2012.  Furthermore, the averments of Paragraph 107 contain the the legal

conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied. The remaining averments in Paragraph 107 are denied.

108.    In response to Paragraph 108 of the Third Amended Complaint, State System Defendants admit in part and deny in part said averments. It is admitted that Pichini sent Armenti a letter dated June 1, 2012 and said letter is a written document that speaks for itself. The remaining averments in Paragraph 108 are denied.

109.    In response to Paragraph 109 of the Third Amended Complaint, State System Defendants deny said averments.

110.    In response to Paragraph 110 of the Third Amended Complaint, State System Defendants deny said averments.

111.    In response to Paragraph 111 of the Third Amended Complaint, State System Defendants deny said averments.

### PASSHE's Audit as Pretext for Armenti's Firing

112.    In response to Paragraph 112 of the Third Amended Complaint, State System Defendants deny said averments as stated. To the extent this averment refers to a document, said document speaks for itself and thus, no response is needed.  However, if a response is required said averments are denied. The remaining averments in Paragraph 112 are denied.

113.    In response to Paragraph 113 of the Third Amended Complaint, State System Defendants deny said averments.

114.    In response to Paragraph 114 of the Third Amended Complaint, State System Defendants deny said averments.

115.    In response to Paragraph 115 of the Third Amended Complaint, State System Defendants deny said averments.

116.    In response to Paragraph 116 of the Third Amended Complaint, State System Defendants deny said averments.

### Summary of Defendants Actions

117.    In response to Paragraph 117 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

118.    In response to Paragraph 118 of the Third Amended Complaint, State System Defendants deny said averments.

119.    In response to Paragraph 119 of the Third Amended Complaint, State System Defendants deny said averments.

120.    In response to Paragraph 120 of the Third Amended Complaint, State System Defendants deny said averments.

121.    In response to Paragraph 121 of the Third Amended Complaint, State System Defendants deny said averments.

122.    In response to Paragraph 122 of the Third Amended Complaint, State System Defendants deny said averments.

123.    In response to Paragraph 123 of the Third Amended Complaint, State System Defendants deny said averments.

124.    In response to Paragraph 124 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

125.    In response to Paragraph 125 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

126.    In response to Paragraph 126 of the Third Amended Complaint, State System Defendants deny said averments.

## VI. CLAIMS

### Count One – First Amendment Retaliation: Violation of Plaintiff's Rights Under

### 42 U.S.C. § 1983:

**Angelo Armenti v. Secretary Tomalis, Chancellor Cavanaugh, Chair Pichini, Vice Chair Conley, Ronald Henry, in their individual capacities.**

127.    In response to Paragraph 127, State System Defendants fully incorporate responses to Paragraph's 1 through 126 of their answer herein.

128.    In response to Paragraph 128 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

129.    In response to Paragraph 129 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

130.    In response to Paragraph 130 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that

said averments are the legal conclusions of the Pleader and thus, no answer is necessary

however, should an answer be required said averments are denied.

131.    In response to Paragraph 131 of the Third Amended Complaint, State System

Defendants deny said averments. By way of further response, State System Defendants state that

said averments are the legal conclusions of the Pleader and thus, no answer is necessary

however, should an answer be required said averments are denied.

132.    In response to Paragraph 132 of the Third Amended Complaint, State System

Defendants deny said averments. By way of further response, State System Defendants state that

said averments are the legal conclusions of the Pleader and thus, no answer is necessary

however, should an answer be required said averments are denied.

<u>Count Two – Violation of Plaintiff's Due Process Rights Under</u>

<u>42 U.S.C. § 1983: Violation of Liberty Interest in Reputation by Failing to Provide a Name-</u>

<u>Clearing Hearing</u>

**Angelo Armenti v. Secretary Tomalis, Chancellor Cavanaugh, Chair Pichini, Vice Chair
Conley, Ronald Henry, in their individual capacities.**

133.    In response to Paragraph 133, State System Defendants fully incorporate

responses to Paragraph's 1 through 132 of their answer herein.

134.    In response to Paragraph 134 of the Third Amended Complaint, State System

Defendants deny said averments.

135.    In response to Paragraph 135 of the Third Amended Complaint, State System

Defendants deny said averments.

136.    In response to Paragraph 136 of the Third Amended Complaint, State System

Defendants deny said averments.

137.    In response to Paragraph 137 of the Third Amended Complaint, State System Defendants deny said averments.

138.    In response to Paragraph 138 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

139.    In response to Paragraph 139 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

### Count Three – Civil Conspiracy to Violate Constitutional Rights

**Angelo Armenti v. Secretary Tomalis, Chancellor Cavanaugh, Chair Pichini, Vice Chair Conley, Ronald Henry, in their individual capacities.**

140.    In response to Paragraph 140, State System Defendants fully incorporate responses to Paragraph's 1 through 139 of their answer herein.

141.    In response to Paragraph 141 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

142.    In response to Paragraph 142 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

## Count Four – Violation of Pennsylvania's Whistleblower law

### Angelo Armenti v. Chair Pichini and Vice Chair Conley in their individual capacities.

143.    In response to Paragraph 143, State System Defendants fully incorporate responses to Paragraph's 1 through 142 of their answer herein.

144.    In response to Paragraph 144 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

145.    In response to Paragraph 145 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

146.    In response to Paragraph 146 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

147.    In response to Paragraph 147 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

148.    In response to Paragraph 148 of the Third Amended Complaint, State System Defendants deny said averments.

149.    In response to Paragraph 149 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

150.    In response to Paragraph 150 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

151.    In response to Paragraph 151 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

152.    In response to Paragraph 152 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

### Count Five – Defamation

**Angelo Armenti v. John Cavanaugh, Guido Pichini, Ronald Henry, individually.**

153.    In response to Paragraph 153, State System Defendants fully incorporate responses to Paragraph's 1 through 152 of their answer herein.

154.    In response to Paragraph 154 of the Third Amended Complaint, State System Defendants deny said averments.

155.    In response to Paragraph 155 (a) through (f) of the Third Amended Complaint, State System Defendants state:

      (a)    In response to Paragraph 155(a) of the Third Amended Complaint, State System Defendants deny said averments.

      (b)    In response to Paragraph 155(b) of the Third Amended Complaint, State System Defendants deny said averments.

      (c)    In response to Paragraph 155(c) of the Third Amended Complaint, State System Defendants state that after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

      (d)    In response to Paragraph 155(d) of the Third Amended Complaint, State System Defendants deny said averments.

      (e)    In response to Paragraph 155(e) of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

      (f)    In response to Paragraph 155(f) of the Third Amended Complaint, State System Defendants deny said averments.

156.    In response to Paragraph 156 of the Third Amended Complaint, State System Defendants deny said averments.

157.    In response to Paragraph 157 of the Third Amended Complaint, State System Defendants deny said averments.

158.    In response to Paragraph 158 of the Third Amended Complaint, State System Defendants deny said averments.

159.    In response to Paragraph 159 of the Third Amended Complaint, State System Defendants deny said averments.

160.    In response to Paragraph 160 of the Third Amended Complaint, State System Defendants deny said averments.

161.    In response to Paragraph 161 of the Third Amended Complaint, State System Defendants deny said averments.

162.    In response to Paragraph 162 of the Third Amended Complaint, State System Defendants deny said averments.

163.    In response to Paragraph 163 of the Third Amended Complaint, State System Defendants deny said averments.

164.    In response to Paragraph 164 of the Third Amended Complaint, State System Defendants deny said averments.

165.    In response to Paragraph 165 of the Third Amended Complaint, State System Defendants deny said averments.

### Count Six – Defamation

### Angelo Armenti v. Michael Slavin, APSCUF Local.

166.    In response to Paragraph 166, State System Defendants fully incorporate responses to Paragraph's 1 through 165 of their answer herein.

167.    In response to Paragraph 167 of the Third Amended Complaint, State System Defendants deny said averments.

168.    In response to Paragraph 168 of the Third Amended Complaint, State System Defendants deny said averments.

169.    In response to Paragraph 169 of the Third Amended Complaint, State System Defendants deny said averments.

170.    In response to Paragraph 170 of the Third Amended Complaint, State System Defendants deny said averments.

171.    In response to Paragraph 171 of the Third Amended Complaint, State System Defendants deny said averments.

172.    In response to Paragraph 172 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

173.    In response to Paragraph 173 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

174.    In response to Paragraph 174 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

175.    In response to Paragraph 175 of the Third Amended Complaint, State System Defendants deny said averments.

176.    In response to Paragraph 176 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

177.    In response to Paragraph 177 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

178.    In response to Paragraph 178 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

179.    In response to Paragraph 179 of the Third Amended Complaint, State System Defendants state that after reasonable investigation, it is without sufficient knowledge or information to form a belief as to the truth or falsity of said averment and thus, said averments are denied and strict proof thereof is demanded at the time of trial.

180.    In response to Paragraph 180 of the Third Amended Complaint, State System Defendants deny said averments.

## Count Seven – Tortious Interference With Contractual Relationship

## Angelo Armenti v. Michael Slavin, APSCUF Local.

181.   In response to Paragraph 181, State System Defendants fully incorporate responses to Paragraph's 1 through 180 of their answer herein.

182.   In response to Paragraph 182 of the Third Amended Complaint, State System Defendants deny said averments.  By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied. Furthermore, State System Defendants specifically refer to the decision of the Commonwealth of Pennsylvania Before the Board of Claims at Docket No. 4091 at case name *Angelo Armenti, Jr. vs. Commonwealth of Pennsylvania, State System of Higher Education and The Board of Governors of the Pennsylvania State System of Higher Education.*

183.   In response to Paragraph 183 of the Third Amended Complaint, State System Defendants deny said averments.

184.   In response to Paragraph 184 of the Third Amended Complaint, State System Defendants deny said averments. By way of further response, State System Defendants state that said averments are the legal conclusions of the Pleader and thus, no answer is necessary however, should an answer be required said averments are denied.

185.   In response to Paragraph 185 of the Third Amended Complaint, State System Defendants deny said averments.

186.   In response to Paragraph 186 of the Third Amended Complaint, State System Defendants deny said averments.

187.    State System Defendants deny any and all averments not specifically admitted herein.

188.    State System Defendants deny all averments numbered (1-5) in the section entitled "VII. RELIEF" of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by the Eleventh Amendment and state-law sovereign immunity.

3.    Plaintiff's claims are barred in whole or in part by the fact that he never filed a Whistleblower Complaint.

4.    Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel and Statute of Frauds.

5.    Plaintiff's claims are barred in whole or in part by the decision in the Commonwealth of Pennsylvania Before the Board of Claims at Docket No. 4091 at case name *Angelo Armenti, Jr. vs. Commonwealth of Pennsylvania, State System of Higher Education and The Board of Governors of the Pennsylvania State System of Higher Education.*

6.    Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations for all claims made by Plaintiff.

7.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver and merger.

8.    Plaintiff's claims are barred in whole or in part by an intervening and superseding proximate cause.

9.    Plaintiff's claims are barred in whole or in part since *truth* is a complete bar to the claim of Slander/Libel and Defamation. Moreover, Plaintiff's claims are barred in whole or in part by the doctrines of substantial truth, opinion and fair comment privilege, absolutely privilege, qualified privilege, immunity, and the fair report privilege.

10.    Plaintiff's claims are barred in whole or in part by the fact that he never requested a Name Clearing Hearing.

11.    Plaintiff's actions and/or omissions caused or contributed to Plaintiff's alleged damages and therefore, his recovery is barred and/or limited by the doctrine of contributory and/or comparative negligence.

12.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate.

13.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to name an indispensable party to this action.

14.    Plaintiff's claims are barred in whole or in part by lack of subject matter jurisdiction and because venue is improper.

15.    Plaintiff's claims are barred in whole or in part by the doctrine of economic loss and/or the bar against bringing a claim sounding in both contract and tort against the same party.

16.    Plaintiff's claims are barred in whole or in part by release.

17.    Plaintiff's claims are barred in whole or in part by the doctrine of special privilege to interfere.

18.    Plaintiff's claims are barred in whole or in part because he has not suffered any damages or competitive injury.

19.    Plaintiff's claims are barred in whole or in part because no contract was interfered with and because no contract existed to interfere with.

20.    Plaintiff's claims are barred in whole or in part because no conspiracy among parties existed.

WHEREFORE, the Defendants Defendants Ron Tomalis, John Cavanaugh, Guido Pichini, Marie Conley, and Ronald Henry, herein at times referred to collectively as "State System Defendants", having fully answered Plaintiff's Third Amended Complaint, respectfully requests that this Honorable Court dismiss this action with prejudice and moves for attorneys' fees and costs, and such other relief as is deemed just and proper.

### DEFENDANTS DEMANDS A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted,

  /s/ Samuel H. Simon
Samuel H. Simon
PA I.D. # 85503
Houston Harbaugh, P.C.
401 Liberty Avenue
Three Gateway Center, 22nd Fl.
Pittsburgh, PA  15222
412 281-5060 (phone)
412 281-4499 (fax)
ssimon@hh-law.com

*Attorney for Defendants Ron Tomalis, John Cavanaugh, Guido Pichini, Marie Conley, and Ronald Henry*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 7th day of April, 2014 a true and correct copy of *Answer And Affirmative Defenses Of Defendants Ron Tomalis, John Cavanaugh, Guido Pichini, Marie Conley, And Ronald Henry To Third Amended Complaint* was filed using the court's CM/ECF system, which will serve same upon the following counsel of record:

Steven M. Troprani, Esquire
Richard J. Cromer, Esquire
Leech Tishman Fiscaldo & Lampl
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219

Cathleen Kelly Rebar, Esquire
Patrick T. Duffy, Esquire
Stewart Bernstiel Rebar
470 Norristown Road, Suite 201
Blue Bell, PA 19422

Michael Scott Ferguson, Esquire
Pennsylvania State of Higher Education
2986 North Second Street
Harrisburg, PA 17110

_/s/ Samuel H. Simon_
Samuel H. Simon